UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN RADILLO,<br><br>            Plaintiff,<br>vs.<br><br>FUJIOKA, et al,<br><br>            Defendants.<br>_____/ | 1:04-CV-5229-AWI-DLB-P<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>(Documents #42 & #43) |

Plaintiff Juan Radillo ("Plaintiff") is a state prisoner who filed this civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiff contended that Defendants violated his First Amendment rights by denying him a catalog.   The Magistrate Judge issued Findings and Recommendations granting Defendants' motion for summary judgment.   When no objections were filed, the court adopted the Findings and Recommendations.   Plaintiff then filed a motion for reconsideration and objections.   Plaintiff requests that the court consider his objections.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  The Rule permits a district court to relieve a party from a final order or judgment on grounds of:   "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).   Here, Plaintiff contends that he did not receive a timely copy of the Magistrate Judge's Findings and Recommendations because he was temporarily housed at a different facility.    Based on Plaintiff's stated reason for filing late objections, the court will review the objections and determine if they set forth any grounds to reconsider the court's order

granting Defendant summary judgment.

The objections contend that the Magistrate Judge ignored two cases when finding Defendants were entitled to qualified immunity. In <u>Allen v. Higgins</u>, 902 F.2d 682 (8th Cir. 1990), the Eighth Circuit found that a blanket rule banning catalogs without prison officials examining the catalogs violated clearly established law. <u>Id</u>. 684. While <u>Allen</u> seems to support Plaintiff's position, it is an Eighth Circuit case. This court lies within the Ninth Circuit. As late as 2005, the Ninth Circuit held that prison officials were entitled to qualified immunity when enforcing catalog restrictions. <u>Prison Legal News v. Lehman</u>, 397 F.3d 692, 698 (9th Cir. 2005). Because the actions underlying this case occurred in 2003, the court is compelled to follow <u>Prison Legal News</u>, and find that Defendants are entitled to qualified immunity.

Plaintiff also contends that the case of "<u>In re Guzman</u>, No. 01 W0067A" clearly put Defendants on notice that their actions were unlawful. The cite Plaintiff has provided is not a proper case cite. The court was able to find three cases entitled "<u>In re Guzman</u>," but all were bankruptcy cases and had nothing to do with issues relevant to this action. <u>See</u> <u>In re Guzman</u>, 27 Fed.Appx. 789, 2001 WL 1398470 (9th Cir. 2001), <u>In re Guzman</u>, 345 B.R. 640 (Bankr.E.D.Wis. 2006); <u>In re Guzman</u>, 130 B.R. 489 (Bkrtcy.W.D.Tex.1991). Regardless, this court is bound by <u>Prison Legal News</u>. Thus, even if the court had considered the objections before adopting the Findings and Recommendations, the court would have reached the same conclusion.

According, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   August 1, 2007**              /s/ Anthony W. Ishii
                                           UNITED STATES DISTRICT JUDGE

2